No. 5030.

P. A. SIMMONS, President Police Jury, and CHARLES LEROY, Treasurer, Parish of Natchitoches, v. D. H. BOULLT, Tax Collector.

The predecessors of the plaintiffs, who administered the offices of police jurors and parish treasurer during the years 1867, 1868, 1869, 1870, 1871 and 1872, had authority to settle with the defendant for parish taxes collected .by him during those years. If they permitted him to settle without taking the oath required by law, that he had not speculated in parish funds, this fact can not invalidate the settlements, although it shows a dereliction of duty on the part of those administering the parish as a municipal corporation. These settlements are final.

After partial settlements made in April and May, 1873, for parish taxes collected during that year, defendant owing a certain balance thereof due up to the first of July of the same year, tendered it in parish warrants to the parish treasurer, who properly refused to receive them, because the tender was not accompanied with the oath required by law.

Failing to verify by his oath that the warrants tendered were actually received by him from the taxpayers, the defendant should have tendered United States currency to the amount due by him.

A special tax having been levied and collected to pay judgments against the parish, plaintiffs claim judgment against defendant for the full amount thereof on the ground that, as tax collector, the defendant had no authority to pay the same to the judgment creditors, it being his duty to pay over all funds collected by himself for the parish to the parish treasurer, to be disbursed by that officer according to law.

There is no doubt that this was the duty of the defendant; but as he applied the sum aforesaid to the discharge of the judgments for which said sum was assessed and collected, this court fails to perceive any injury that has resulted to the parish from this irregular proceeding. It would be inequitable for the plaintiffs to recover judgment against the defendant for said amount; for, after all, the funds received their proper destination, though the channel through which they passed was not the right one.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn, J.* Jury trial. *Jack & Pierson,* for plaintiffs and appellees. *Levy & Pierson, Chaplin & Sons, Morse & Dranguet,* for defendant and appellant.

WYLY, J. The plaintiffs sue the defendant for $10,211 61 for the balance due by him for general parish taxes collected by him for the years 1867 and 1868; for $5364 33, for balance due for the year 1869; for $16,640, for parish taxes for 1871; for $22,650, for parish taxes for

1872; for the amount of parish taxes collected by him for the quarter ending July 1, 1873; and for $167,000, the amount of special taxes collected, in currency, in 1869, 1870, 1871 and 1872, to pay judgments against the parish. They also sue to annul the settlements made by the defendant with the parish treasurer during the years 1871 and 1872. And they allege that said settlements were made in parish warrants, which were illegally issued and not such as he actually received from the taxpayers; that he bought up said warrants at a low price to be used in said settlements; and that in making said settlements he failed to make oath that he had not speculated in the funds of the parish. They further allege that the defendant during the years 1869, 1871 and 1872, collected large sums in currency from the taxpayers in settlement of general parish taxes which he has withheld from the parish treasury, paying over instead thereof, worthless, spurious and illegal warrants.

The court gave judgment, on the verdict of a jury, against the defendant for $40,000, and he has appealed.

The predecessors of the plaintiffs, who administered the offices of police jurors and parish treasurer during the years 1867, 1868, 1869, 1870, 1871 and 1872, had authority to settle with the defendant for parish taxes collected by him during those years; and the receipts which are in evidence show that the defendant has fully settled for the taxes collected by him during those years. That they permitted him to settle without taking the oath required by law, that he had not speculated in parish funds, can not invalidate the settlements, although it shows a dereliction of duty on the part of those administering the parish as a municipal corporation. We regard these settlements as final.

It is shown that the defendant made partial settlements in April and May, 1873, for parish taxes collected by him during that year, and that up to first July, 1873, he owed a balance of $1890 17, which he tendered in parish warrants to the parish treasurer. We think the parish treasurer properly refused to accept the warrants, because the tender was not accompanied with the oath required by law. Failing to verify by his oath that the warrants tendered were actually received by him from the taxpayers, the defendant should have tendered United States currency to the amount due by him as aforesaid for the quarter ending July 1, 1873.

For this amount there should be judgment against the defendant.

A special tax was levied to pay judgments against the parish during the years 1869, 1870, 1871 and 1872, amounting in the aggregate to $147,856 31.

On this assessment it is shown that the defendant collected in currency $95,634 33.

Retaining his commissions, $9563 43, the defendant paid over the balance, $86,202 66, to the judgment creditors.

The plaintiffs concede that payments to this amount were made by the defendant, and that the judgments against the parish were reduced to that extent; but they claim judgment against him for the full amount thereof, on the ground that, as tax collector, the defendant had no authority to make said payments, it being his duty to pay over all funds collected for the parish by him to the parish treasurer, to be disbursed by that officer according to law.

There is no doubt it was the duty of the defendant to pay over the funds in question to the parish treasurer; but having applied the $86,202 66 to the discharge, in part, of the judgments for which said sum was assessed and collected, we fail to perceive that any injury has resulted to the parish from this irregular proceeding, and we think it would be inequitable for the plaintiffs to recover judgment against the defendant for said amount. For after all, the funds received their proper destination, though the channel through which they passed was not the right one.

There are many interesting questions discussed in the elaborate briefs filed by the learned counsel engaged in this litigation, which from the view we have taken of the subject it becomes unnecessary to consider.

It is therefore ordered that the judgment herein for $40,000 against the defendant be reduced so as to amount to $1890 17, and as thus amended that it be affirmed. It is further ordered that appellees pay costs of this appeal.

Rehearing refused.